UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI BEYDOUN,

    Plaintiff,

                              Case No. 4:14-cv-11945
                              Judge Linda V. Parker
                              Magistrate Judge Anthony P. Patti

vs.

CITY OF DEARBORN, the
DEARBORN POLICE DEPARTMENT,
POLICE CHIEF RONALD HADDAD,
POLICE OFFICER JOHN BOLOWSKI,
POLICE OFFICER AARON MORANDINI,
POLICE OFFICER MICHAEL CUCCHIARA,
POLICE OFFICER BRYAN FOX,
POLICE OFFICER MARK BILSKI,
POLICE OFFICER RYAN YATES,
POLICE OFFICER MARK FARNHAM, and
POLICE OFFICER RICHARD CONRAD,

    Defendants.
_____/

**ORDER DIRECTING CONTINUATION OF AND PARTICIPATION IN SETTLEMENT CONFERENCE**

This matter was referred to me for the purpose of conducting a settlement conference. (DE 32.) Immediately thereafter, on June 15, 2015, I issued a notice of settlement conference, which contained the following language:

> **All parties with settlement authority are required to be present.**
> Parties are instructed and **required** to comply with the undersigned judicial officer's Practice Guidelines for Settlement Conferences, which are available at http://www.mied.uscourts.gov

(DE 34 (emphasis in original).)  After a September 14, 2015 status conference with Judge Parker, the original settlement conference date was adjourned, and I issued a second notice of settlement conference, dated November 9, 2015, which contained the following language:

> **All parties with settlement authority are required to be present.**
> Parties are instructed and **required** to comply with the undersigned judicial officer's Practice Guidelines for Settlement Conferences, which are available at http://www.mied.uscourts.gov. **Submission of Settlement Statements that do not comply with practice guidelines will be rejected accordingly**.

(DE 56 (emphasis in original).)  The date of the settlement conference was subsequently rescheduled by a simple notice to appear.  (DE 63.)

The settlement conference finally took place on March 22, 2016, in advance of which the parties submitted *ex parte* settlement statements to me.  None of the parties complied with my practice guidelines regarding the settlement statements, which require that five specific issues/questions be addressed.[1]  I nonetheless

---

[1] These are:
1. A brief description of the nature of the case;
2. A description of how you would present this case if you were on the opposing side (it is exceedingly important that you present this section objectively. Do Not resort to becoming an advocate, again, on behalf of your client);
3. A brief summary of all settlement discussions that have taken place to date, including the history of any offers/counter-offers that have been made, including the last demand and offer made at the pre-conference meet-and-confer;
4. A statement of why the most recent demand or offer was rejected; and
5. A realistic statement of what the party requires in order to settle the case.

refrained from rejecting the settlement statements, because of my familiarity with the case from prior motion practice. (*See* DEs 57-62.) However, it was apparent to me at the outset of the conference itself that the parties had failed to comply with another directive contained in my Practice Guidelines, which states that, "It is REQUIRED that, by the time of the settlement conference, Plaintiff(s) will have made a good-faith offer to settle the case and Defendant(s) will have made a good-faith counter-offer of settlement." (Emphasis in original.) This obviously had not occurred when the parties appeared for the settlement conference.

Even more troubling, however, was the fact that only one person appeared at the settlement conference on behalf of Defendant City of Dearborn and its named employees, namely its in-house trial counsel, Laurie M. Ellerbrake, who did not have full and complete authority to make settlement decisions or to bind the governmental entity. Instead, her authority was almost entirely limited to making recommendations to the City Council, an entity which sent none of its members to the conference. The absence of any City Council members or person with a complete settlement authority from these settlement discussions frustrated the purpose of holding such a conference, made it ineffective as a tool for resolving the case, and directly violating my practice guidelines, which state that:

> The conference must be attended by an authorized representative of each party, *together with* lead trial counsel for each party unless expressly excused by the Court. An insured party need not attend unless the settlement decision will be made in part by the insured. When the settlement

> decision will be made in whole or part by an insurer, the insurer must send a representative in person with full and complete authority to make settlement decisions.  A corporate party must send an authorized representative with full and complete authority to bind the company.  *A governmental entity must send an authorized representative with full and complete authority to bind the governmental entity.*  The Court encourages and invites lien holders whose rights could affect the likelihood of resolving the matter to attend the conference and/or be reachable by telephone.  Failure to produce the appropriate person(s) at the conference may result in an award of costs and attorney fees incurred by the other parties in connection with the conference and/or sanctions against the noncomplying party and/or counsel.

(Emphasis added.)

While I have decided against ordering costs or attorney's fees at this time, I have determined that in order to have a meaningful settlement conference in this case, it will be necessary for the attendees to include that portion of the Dearborn City Council as is necessary to have a quorum and conduct a binding vote capable of validly approving a settlement or resolution of the above captioned case. Furthermore, in the event that the City Council does not have authority to settle claims on behalf of individually named employees or police officers, such individual parties will likewise be required to appear personally.  In other words, whichever people are necessary to give final approval to a global settlement of all claims against all parties must be present at the settlement conference.  In advance of the settlement conference, the City Council will need to take whatever steps are necessary to hold a binding vote in the courthouse at the time that the settlement conference is conducted.

The settlement conference will take place beginning on **Friday, April 15, 2016 at 10:00 a.m.** in my courtroom (#624) at the Theodore Levin United States Courthouse, 231 W. Lafayette, Detroit, MI 48226.

In advance of the continued settlement conference, at least one attorney for each of the parties shall appear for a telephonic status conference on **April 7, 2016 at 4:00 p.m.** to apprise me as to the progress of their ongoing settlement discussions, which the parties are strongly encouraged to continue on their own initiative. Plaintiff's counsel should initiate the call and contact my case manager, Michael Williams, at 313-234-5200, once all counsel are on the line.

**IT IS SO ORDERED.**


Dated: March 24, 2016         s/Anthony P. Patti
                              Anthony P. Patti
                              UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 24, 2016, electronically and/or by U.S. Mail.

                              s/Michael Williams
                              Case Manager for the
                              Honorable Anthony P. Patti